**LAURENCE A. SWEET MFG. CO. et al. v. MILLER & PARDEE, Inc.**

No. 6094.

Circuit Court of Appeals, Ninth Circuit.

June 2, 1930.

Wm. L. Connor, of Los Angeles, Cal., for appellants.

Raymond Ives Blakeslee, of Los Angeles, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge.

By the decree below it is held that three slightly differing forms of radiator caps designated as Exhibits S, T, and U, manufactured and marketed by defendants (appellants), infringe plaintiff's design patent No. 60878, issued to Pardee, De Wire, and Suporter, April 18, 1922. The claim of the patent is for "the ornamental design for a radiator cap substantially as shown" in the drawings. When installed, the design as it appears from the front of the car consists of a circular body capping the radiator spout or intake, an arm on either side extending horizontally and terminating in a knob or ball, a plate, in the form of a shield, positioned centrally, with the pointed lower portion thereof concealing a part of the body of the cap and the upper portion rising above the body to the lower rim of a circular shaped motor meter, the stem of which is completely concealed thereby. It is conceded by plaintiff that the body with the extending arms and the motor meter, both separately and in combination, as shown in the patent, are old in the art; and, of course, it necessarily concedes that there is no novelty in the figure of a shield or a metal plate in that form. It seems to contend that the patent is broad enough to cover the generic conception of any decorative device or configuration centrally located on the body of the cap between the arms, but in this view we cannot concur. The patent covers only a design substantially as shown, and the novelty, if any, is in the combination as a whole—in the complete picture presented thereby. To hold that another manufacturer may not for ornamental purposes position the figure of a bird or dog on the central portion of his radiator cap would be quite as preposterous as to say he could not put the figure of a shield on one of the terminating arm knobs.

Considering the simplicity of the device, the fact that both separately and in combination all the elements thereof, with the exception of the plate, were old in the art, and that a shield is a common decorative figure, independently we would have grave doubt whether plaintiff's cap exhibits patentable novelty, but such novelty has been recognized by the Patent Office and in several judicial decisions, and apparently has received no little public approval; besides, the defendants have not only paid it the tribute of imitation, but have applied for and received patent upon devices very similar in form. Within a narrow range, but only a narrow range, we are therefore constrained to hold the patent valid.

It cannot be seriously doubted that defendant's devices, held to be infringements, closely simulate the design of the patent. While not identical in its proportions, a plate of shield-form is by the defendants positioned upon their caps precisely as in plaintiff's device. True, in two of the devices there are added projections at the top and bottom of the shield and in the other at the top, but thereby the picture is not materially changed. Even though construed strictly, the patent, we think, is infringed. Prior to the application therefor, no radiator cap had carried a similar decorative device so positioned.

We find no reason for reviewing the many judicial decisions cited. The underlying principles are well understood, and touching them the decisions are not at variance. The divers conclusions rest upon differences of fact sometimes very slight, and no one of them can be said to be opposed to the conclusion we have reached.

Affirmed.